# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE, IV,  | CV F 03 5407 AWI SMS P |
|       Plaintiff, | |
|   v. | ORDER DENYING MOTION FOR DEFAULT |
| D. ADAMS, et. al., | (Doc. 35.) |
|       Defendants. | |

Steven Joseph Noble ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 10, 2004, Plaintiff moved for the entry of default against Defendants on the grounds that the Notice of Motion to Dismiss incorrectly names Cambra, Terhune, Gomez and Andrews as Defendants. However, the action filed is against Defendants Adams, Espinoza, Cuevas and Pugliese. In addition, the Motion incorrectly states that Plaintiff is challenging the conditions of confinement in the Secured Housing Unit when the allegations in the Amended Complaint are for the conditions of confinement at the Substance Abuse Treatment Facility at Corcoran. (Motion at 35.)

In Opposition, Defendants argue that the errors made were "technical," that the errors made were unintentional and that Plaintiff has not been prejudiced by them as they were not misleading. (Opposition at 2-3.) Further, Defendants filed an Amended Notice of Motion on December 21, 2004, correcting the errors cited by Plaintiff. (Doc. 37.)

1    Entry of default is appropriate as to any party against whom a judgment for affirmative
2 relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of
3 Civil Procedure and where that fact is made to appear by affidavit or otherwise.  See Fed. R. Civ.
4 P. 55(a).  Plaintiff is reminded that "[f]or good cause shown the court may set aside an entry of
5 default and, if a judgment by default has been entered, may likewise set it aside in accordance
6 with Rule 60(b)."  Fed. R. Civ. Pro. 55(c).

7    The Court has examined the Notice of Motion filed by Defendants and notes that the
8 Notice of Motion names Defendants not parties to this action and incorrectly states that Plaintiff
9 is challenging the conditions of confinement in the Secured Housing Unit.  However, the Court
10 notes that more importantly the actual Motion to Dismiss addresses the correct claims and
11 appropriate Defendants in this action.

12    In addition, other than his statement that Defendants are attempting to "circumvent" him
13 from receiving compensation on the allegations in his complaint, Plaintiff does not allege any
14 prejudice from the errors made in the Notice of Motion.

15    Finally, Plaintiff concedes that the errors in the Notice of Motion were technical in
16 nature.  Accordingly, the court finds these errors to be a technical pleading mistake and constitute
17 excusable neglect.  See Panis v. Mission Hills Bank, 60 F.3d 1486 (10th Cir. 1995).  Thus,
18 Plaintiff's Motion for entry of default is unwarranted.

19    The Court HEREBY ORDERS:
20        Plaintiff's Motion for Entry of Default is DENIED.

23 IT IS SO ORDERED.

24 **Dated:   August 18, 2005**            **/s/ Sandra M. Snyder**
   icido3                       UNITED STATES MAGISTRATE JUDGE