1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEVEN JOSEPH NOBLE, IV,

        Plaintiff,

    v.

D. ADAMS, et. al.,

        Defendants.

_____/

CV F 03 5407 AWI SMS P

FINDINGS AND RECOMMENDATIONS
REGARDING THE MOTION TO DISMISS
(Doc.  34, 37.)

20      Steven Joseph Noble  ("Plaintiff") is a state prisoner proceeding pro se and in forma

21  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

22  **A.  PROCEDURAL HISTORY**

23      Plaintiff filed the instant action on April 8, 2003.  On May 12, 2003, Plaintiff filed an

24  Amended Complaint.   The Court found that the Amended Complaint stated cognizable claims

25  for relief against Defendants Adams and Cuevas for deprivation of outdoor exercise and denial of

26  access to the courts, and against Defendants Adams, Espinoza and Pugliese for interference with

27  Plaintiff's right to receive mail.  (Doc. 13.)  On July 28, 2004, the Court ordered service of the

28  Amended Complaint on Defendants.  (Doc. 18.)

1    On September 24, 2004, and October 8, 2004, Defendants waived service.  (Docs. 21, 23,

2  25, 27.)  On December 3, 2004, Defendants filed a Notice of Motion and Motion to Dismiss the

3  Complaint on the grounds that Plaintiff failed to exhaust his administrative remedies.

4    On December 10, 2004, Plaintiff moved for Entry of Default.  (Doc. 35.)  Plaintiff filed a

5  pleading titled "Motion to Oppose Memorandum of Points and Authorities on December 17,

6  2004.  (Doc. 36.)  Defendants filed an Amended Notice of Motion to Dismiss on December 21,

7  2004, and an Opposition to the Motion for Entry of Default.  (Doc. 37, 38.)  On August 18, 2005,

8  the Court denied Plaintiff's Motion for Entry of Default.  (Doc.  39.)

9  **B.  STANDARD OF REVIEW**

10    Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),  "[n]o action shall be

11  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

12  a prisoner confined in any jail, prison, or other correctional facility until such administrative

13  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a)

14  exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435

15  U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

16  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

17  administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,

18  532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies

19  need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534

20  U.S. at 524 (*citing* to Booth, 532 U.S. at 739 n.5).

21    According to the Ninth Circuit, there are two principal policies behind the administrative

22  exhaustion rule:  The first is to protect an administrative agency's authority by giving the agency

23  the first opportunity to resolve a controversy before a court intervenes in the dispute.  Ngo v.

24  Woodford, 403 F.3d 620, 624 (9th Cir. 2005).  The second is to promote judicial efficiency by

25  either resolving the dispute outside of the courts, or by producing a factual record that can aide

26  the court in processing a plaintiff's claim.  Id.  Thus, exhaustion must occur prior to filing suit

27  and Plaintiff may not exhaust while the suit is pending.  McKinney v. Carey, 311 F.3d 1198,

28  1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). The four levels of appeal within the Department are the informal level, the first formal level, second formal level, and the third formal level, known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In resolving a Motion to Dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**C. ANALYSIS**

In his Amended Complaint, Plaintiff alleges (1) that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him outdoor recreation (Amended Complaint at 5); (2) that Defendants violated his right of access to the courts by denying adequate access to the law library (Amended Complaint at 6); and (3) that Defendants violated his First Amendment rights by interfering with his mail (Amended Complaint at 7).

Defendants argue that Plaintiff failed to exhaust his remedies with respect to all of these claims because he did not file appeals of these issues at the third formal level. (Motion at 5.) In support of this assertion, Defendants provide a Declaration of N. Grannis, Chief, Inmate Appeals Branch ("Grannis Decl.") and copies of various appeals filed by Plaintiff. (Exh. A, Motion.) The

1   Court will examine each claim and the evidence provided by Defendants in turn.

2       *1. Eighth Amendment - Outdoor Exercise*

3        According to Defendants, on July 8, 2003, Plaintiff initiated administrative appeal

4   number SATF-C-03-03179, which asserted that Plaintiff had not been allowed outdoor exercise

5   since January 29, 2002. (Unmarked Attach.3 at 6, Grannis Decl.)  Defendants state that the

6   appeal at the second level was completed on September 17, 2003, but was not submitted to the

7   third level until October 27, 2003. (Unmarked Attach. 3 at 11; Grannis Decl.)  Thus, the appeal

8   was screened out as untimely. (Id.; Exh. B at 58, Plaintiff's Opposition ["Opposition"].)

9   Defendants argue that because Plaintiff's allegation was not reviewed at the third level, it is

10  unexhausted and must be dismissed.

11      Recently, the Ninth Circuit held that an inmate's administrative remedy is exhausted

12  when his appeal is denied on the ground that time limits were exceeded and the prison

13  regulations did not provide for further review of the appeal. Ngo v. Woodford, 403 F.3d 620,

14  624 (9th Cir.2005).  In this case, Plaintiff appealed the issue regarding outdoor exercise to the

15  third and final level, however, it was denied as untimely.  Defendants, who bear the burden of

16  pleading and proving exhaustion, Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003, do not

17  identify any remedies that remain available to Plaintiff with regard to this claim. Ngo v.

18  Woodford, 403 F.3d 624 (9th Cir.2005).  Accordingly, the Court finds Plaintiff's claim

19  concerning outdoor exercise exhausted.

20      *2. First Amendment - Access to Courts*

21      Defendants also argue that Plaintiff has failed to exhaust his administrative remedies with

22  respect to his claim that he was denied access to the Courts. (Motion at 5.)  In support,

23  Defendants cite to the Declaration of N. Grannis and the attached exhibits showing that on

24  August 28, 2003, Plaintiff filed an administrative appeal (Log No. SATF-C-03-3786) concerning

25  the limitations on law library access but he never submitted the appeal to the third level. (Exh.

26  A, ¶ 9, Grannis Decl.)

27      According to the documentation provided by Defendants, Plaintiff submitted the August

28  28, 2003, appeal to the first level where it was denied. (Unmarked Attach. 3 at 32, Grannis

4

1    Decl.)  Plaintiff appealed to the formal level on September 4, 2003, arguing that the denial of

2    access to the law library because his "cellie" was a gang member violated his constitutional

3    rights.  Id.  On October 6, 2003, Plaintiff's appeal was granted and Plaintiff was informed that

4    "[t]he next time Housing Unit 3 attends the law library you will be allowed to attend."  Id.  The

5    Appeal Form reflects no further appeals.  Id.  The Court notes further that Attachment 1 to the

6    Grannis Decl. listing the appeals that were screened out and/or filed at the third level does not

7    reflect appeal number SATF-C-03-3786. (Attach. 1, Grannis Decl.)  This supports Defendant's

8    contention that the appeal was not taken to the third formal level.  However, the Defendants do

9    not address the fact that Plaintiff's appeal was granted at the first formal level or the impact the

10   grant might have on Plaintiff's exhaustion requirement.   Instead, Defendants rely solely on the

11   fact that Plaintiff did not file an appeal at the third level as the basis for dismissal of this claim.

12          The receipt of a Director's Level decision is not always necessary for exhaustion to occur.

13   In some circumstances, the granting of an inmate appeal at a lower level may satisfy the

14   exhaustion requirement.  See Ross v. County of San Bernalillo, 365 F.3d 1181, 1187 (10th Cir.

15   2004); Clement v. California Dept. of Corr., 220 F.Supp.2d 1098, 1106 (N.D. Cal. Sept. 9,

16   2002); Brady v. Attygala, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez v.

17   Winslow, 177 F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001).

18          Here, Plaintiff sought law library access which was granted him at the first formal level of

19   his appeal.  Presumably, Defendant's position is that Plaintiff must continue to appeal even a

20   favorable finding to the third level to adequately exhaust his administrative remedies even where

21   he obtains a favorable result at the first formal level.  However, the California grievance process

22   requires only that an inmate to appeal to the second formal level if the appeal was denied at the

23   first level or is otherwise waived by the regulations, neither of which happened here. See, Cal.

24   Code.Regs. tit. 15 § 3084.5(c).[1]  The California Regulations appear to indicate that Plaintiff need

25   not exhaust further as his administrative grievance was granted at the first formal level.

26

27          [1]Similarly, § 3084.5(d) provides that the "[t]hird level is for review of appeals not resolved at the second
     level with the exception provided in Section 3084.7(d)(4)(B) - (concerning involuntary transfers). Cal.Code Regs tit.
28   15 § 3084.5(d).

                                                          5

1  Defendants do not identify any further relief available to Plaintiff were he to appeal his favorable

2  finding at any higher level.  Accordingly, "[w]ithout the possibility of some relief" remaining

3  available to Plaintiff, <u>Booth</u> requires the Court find Plaintiff has exhausted his administrative

4  remedies with respect to his access to courts claim. <u>Booth v. Churner</u>, 532 U.S. 731, 736 n. 4

5  (2001).

6       ***3.  First Amendment - Interference with Mail***

7       Although Defendants argue that Plaintiff did not file an appeal at the third level and thus,

8  did not exhaust his administrative remedies, the Motion does not specifically address the mail-

9  interference allegation.  Defendant's provide a short paragraph in the Motion that states only that

10  Plaintiff submitted two other appeals besides the one regarding outdoor exercise.  (Motion at 5.)

11  Appeal number SATF-C-03-03786, concerns law library access, and number SATF-C-03-3903

12  concerns a denial of out of cell exercise as part of a disciplinary finding.  <u>Id</u>.  Defendants state

13  that neither of these appeals were appealed to the Director's level. (Motion at 5.)

14       According to the documentation provided by Defendants, it appears that besides the three

15  actions cited by Defendants in the Motion to Dismiss, Plaintiff filed at least four (4) other

16  actions. (Attach. 1, Grannis Decl.)  Further, these other actions appear to have occurred in 2003

17  as did Plaintiff's mail interference claim.  Attachments reflecting actions filed by Plaintiff and

18  those screened out clearly indicate that Plaintiff filed at least four actions not referred to by

19  Defendants and filed in 2003, when the alleged interference occurred.[2] (Attach. 3, Grannis Decl.)

20  As Defendants do not address the issue of mail interference in relation to the evidence provided

21  and there appears to be other grievances filed within the relevant time frame that might concern

22  this claim, the Court cannot conclude that Plaintiff did not exhaust his administrative remedies

23  on the mail-interference claim.

24       In his Opposition, Plaintiff asserts and provides the Court with a copy of an

25  administrative grievance filed on March 23, 2003, and concerning the interference with his mail.

26  (Opposition at 6; Exh. C at 76, Opposition.)   However, the Log No. is illegible. <u>Id</u>.  The

27

28      [2]Attachment 3 shows Log Nos. SATF-C-03-4897, 03-2420, 03-2548 (appearing on both the "Screenout Query" and "AG Request" were also filed by Plaintiff.  Attach. 3, Grannis Decl.

1  document does, however, reveal that Plaintiff's grievance was "partially granted" at the informal

2  level on April 4, 2003, by "P. Dias, OSSI Mailroom." <u>Id</u>.  Plaintiff further states and provides a

3  copy of a letter he wrote to the Warden concerning this issue. (Exh. C at78, Opposition.)

4      Defendants, in their Reply to the Opposition, argue that Plaintiff fails to provide a copy of

5  the Warden's response and that at most, Plaintiff only shows he received a response at the formal

6  level but never pursued it further.  (Reply at 3.)  Defendants do not address the fact that the

7  evidence cited to and provided by them omits this grievance nor do they address this grievance in

8  any detail in their Reply.  Thus, the results of the grievance are entirely unknown to the Court. In

9  any event, the absence of exhaustion under the PLRA is an affirmative defense on which the

10  Defendants have the burden of proof.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

11  Defendants have provided no evidence to the Court that demonstrates the lack of exhaustion with

12  respect to the interference with mail claim.  Accordingly, the Motion to Dismiss this claim on

13  exhaustion grounds must be denied.

14  **D.  CONCLUSION AND RECOMMENDATION**

15      Based on the foregoing, the Court finds that Plaintiff has exhausted his administrative

16  remedies with regard to his Eighth Amendment claim and his First Amendment access to court

17  claim.  The Court further finds that Defendants have failed to meet their burden of proving the

18  absence of exhaustion with regard to Plaintiff's mail-interference claim.   The Court therefore

19  RECOMMENDS that the Motion to Dismiss be DENIED in its entirety and the case be referred

20  back to the undersigned for further proceedings.

21      The Court HEREBY ORDERS that these Findings and Recommendations be submitted

22  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

23  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

24  District Court, Eastern District of California.  Within TWENTY  (20) days after being served

25  with a copy of these Findings and Recommendations, any party may file written Objections with

26  the Court and serve a copy on all parties.  Such a document should be captioned "Objections to

27  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

28  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the

7

Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

§ 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

(9th Cir. 1991).


IT IS SO ORDERED.

Dated:      August 18, 2005                          /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE