# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE III, | CV F   03 5407 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO COMPEL DISCOVERY (Doc. 61) |
| D.ADAMS, et. al., | |
| Defendants. | |

Steven Joseph Noble ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 31, 2006, Plaintiff filed a Notice of Motion and Motion to Compel discovery. Specifically, Plaintiff seeks to compel the production of documents he requested on November 29, 2005. In addition, Plaintiff seeks to compel responses by Defendant Adams to his First Set of Requests for Admission Nos. 14-15, 20-24, and his First Set of Interrogatories Nos. 1-8, 11-12, and 15-18.

On May 24, 2006, Defendant filed Objections to the Motion to Compel. Plaintiff filed a Reply to the Objections on July 11, 2006.

**A. REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and

1

1  copy any designated documents . . . which are in the possession, custody or control of the party
2  upon whom the request is served." Fed. R. Civ. P. 34(a)(1). Where a party fails to make the
3  required disclosures, a party may move to compel the production of documents. Fed. R. Civ. P.
4  37(a). "It is well established that a failure to object to discovery requests within the time required
5  constitutes a waiver of any objections." Richmark Corp. v. Timber Falling Consultants, 959 F.2d
6  1468, 1473 (9th Cir. 1992)(citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

7  Here, Plaintiff feels that he is entitled to documents Defendants declined to produce on
8  the basis that he believes that the responses submitted were untimely. In opposition, Defendants
9  argue that the responses to the request were not untimely as the Court granted Defendant's
10  request to respond *nunc pro tunc*.

11  The Court has examined the Court record and concludes that Defendants are correct. In a
12  Motion for an Extension of time filed on January 13, 2006, Defendants indicated that the
13  responses to the Requests for Production of Documents and First Set of Requests for Admissions
14  were due to be served on January 17, 2006. Defendants thus, requested an extension of thirty
15  days in which to respond. On January 19, 2006, the Court granted that request giving Defendants
16  to and including February 16, 2006, in which to respond.

17  On March 9, 2006, Defendants made a second request for an extension of time in which
18  to serve the responses. Counsel for Defendant indicated that she was notified by Plaintiff that he
19  had not received the responses and she immediately completed them and served them on March
20  9, 2006. The Court granted this request *nunc pro tunc* on March 27, 2006. This meant that the
21  responses were deemed timely.[1] Plaintiff's contention that the responses were untimely is
22  incorrect and Defendant's have not waived their objections to Plaintiff's requests. Accordingly,
23  the Motion to Compel production of Documents is DENIED.

24  **B. REQUESTS FOR ADMISSIONS**

25  Plaintiff has also moved to compel responses to his First Set of Requests of Admissions.
26  Plaintiff alleges that the responses to the Requests for Admissions are "evasive, incomplete, and

---

[1] The Court Order states specifically that Defendant was granted an extension "to and including March 9, 2006..." (Doc. 60)

2

otherwise, nonresponsive."

A Request for Admission ("RFA") is a discovery procedure whereby one party can force another party to admit the truth of any relevant fact or the genuineness of any relevant document. Unless excused by a protective order, the party to whom RFAs are directed is under a duty to respond within thirty (30) days after the RFAs are served. Fed.R.Civ.P.36(a). Instead of admitting or denying an RFA, the responding party may make an objection thereto. Id.

### 1. Responses to Admissions 14 and 15.

Defendants objected to Request No. 14 on the ground that it was duplicative of Request No. 8 and was not a request to admit or deny a material fact. The Court has examined the question posed in Nos. 8 and 14 and although they are not identical, they do request the same information. In addition, Defendants are correct in that the request does not seek an admission of a material fact. Accordingly, the objection to Request No. 14 is proper.

Defendants objected to Request No. 15 on the ground that it was burdensome and again did not request Defendant to admit or deny a material fact. Without waiving the objection, Defendants denied the request on the grounds of lack of information.

Plaintiff argues that the request is not burdensome and that it is a request to admit or deny a material fact. However, that Plaintiff believes it is not burdensome is not grounds to compel a different response. Counsel for Defendant stated that she made a reasonable inquiry and received insufficient information upon which Defendants could admit or deny the request. Thus, the request was denied. Defendants also objected on the grounds that it was not a request to admit or deny a material fact. The Request posed by Plaintiff concerns whether inmates in administrative segregation on a particular day were permitted to exercise outside of their cells. The claim at issue in this case is whether *Plaintiff* was denied the right to outdoor recreation. (Amended Compl. at 5.) The Court is inclined to agree that the question posed does not request an admission of a material fact.

### 2. Request for Admission Nos. 20, 21.

Defendants denied Request No. 20 which asked "At SATF on Fac. IV-C the housing units are equipped with their own auxiliary recreational yards." Defendants also denied Request

3

1 No. 21 which stated that the auxiliary recreational yards are "outfitted with security surveillance
2 cameras." Plaintiff argues that Defendant's responses are false and that Defendant should have
3 "admitted" them. Plaintiff may not compel a different response simply because he believes the
4 opposite to be true. Defendants inform Plaintiff that if he can demonstrate the contrary and that
5 the existence of these is a material fact, his remedy is to apply for an award of costs at the
6 appropriate time under Rule 37(c).

7 Defendants are correct. A proper response to a Request for Admission can be an
8 admission or denial. When a matter is completely denied, the truth of the matter must be proved
9 at trial. That Plaintiff disagrees with the response is not grounds to compel a different response.
10 Further, whether there are auxiliary recreational yards at Facility IV-C or surveillance cameras on
11 the yards is not a material fact. In other words, it does not tend to prove or disprove that Plaintiff
12 was denied outdoor recreation in violation of the Eighth Amendment. Accordingly, the Motion
13 to Compel responses to Request for Admission Nos. 20 and 21 is DENIED.

14 ***3. Request for Admission Nos. 22, 23 and 24.***

15 Defendants object to Request Nos. 22, 23 and 24 on the grounds that they presume as true
16 things which are not true. Not waiving objections, Defendants denied the Request. Defendants
17 also object to Request No 23 and 24 on the ground that they do not request to admit or deny a
18 material fact.

19 Request No. 22 provides "[a]t SATF on Fac. IV-C employees in regularly armed post are
20 capable of providing gun tower coverage to each housing unit's own auxiliary recreational yard."
21 Request Nos. 23 and 24 also concern characteristics of what Plaintiff calls an "auxiliary
22 recreational yard."

23 The Court finds Defendant's objection proper. The questions posed assume that there
24 exists an auxiliary recreational yard which Defendants have denied in Request No. 20. As in the
25 case above, simply because Plaintiff believes the opposite to be true is not sufficient grounds to
26 compel Defendants to change their answer. Accordingly, the Motion to Compel a different
27 response to Request Nos. 22, 23 and 24 are DENIED.
28 **D.  REQUESTS FOR INTERROGATORIES**

4

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. These questions are limited to anything within the permissible scope of discovery, namely, any matter, not privileged, that is relevant to the claim or defense of any party. Fed.R.Civ.P. 33, 26(b)(1).

Plaintiff has moved to compel responses to Plaintiff's First Set of Interrogatories propounded on Defendant Adams. Plaintiff contends the responses are "evasive, incomplete and otherwise nonresponsive."

### 1. Interrogatory Nos. 1-3

Defendants have objected to Interrogatory Nos. 1, 2, and 3 on the grounds that they are vague questions and are not calculated to lead to the discovery of admissible evidence. Plaintiff states that questions regarding the facility design and the design differences of the facilities are material to prove that the lockdown of the facility was an exaggerated response. The Court finds it difficult to see how the design of a facility aids Plaintiff in establishing that his Eighth Amendment right was violated by the deprivation of outdoor exercise. Further, Defendants are correct that it appears that Plaintiff already has sufficient information regarding the design and design differences of the facility as he details these differences in his Motion at page 18. Accordingly, the Motion to Compel different responses to Interrogatory Nos. 1-3 is DENIED.

### 2. Interrogatory Nos. 4-6 and 15-16.

All of these interrogatories concern the existence of auxiliary exercise yards at the C-facility. Defendants object again on the grounds that the interrogatories presume facts as true which Defendants have denied as being true. Again, Plaintiff cannot compel Defendants to respond to questions which imply the existence of things that Defendants have denied exist. For the same reasons as stated above, the Motion to Compel responses to Interrogatory Nos. 4-6 and 15-16 is DENIED.

### 3. Interrogatory No. 7.

This interrogatory asks "State the date, place, and time that each inmate directly involved in the January 9, 2002, staff assault which occurred at S.A.T.F. Fac. IV-C, and resulted in the state of emergency lockdown, was first permitted out of cell exercise 'after' the January 9, 2002,

incident."

Defendants objected to this on the grounds that it is "over broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence." The Motion to Compel a different response to this interrogatory is denied. Plaintiff has not indicated how this information will lead to admissible evidence. Further, it is questionable that the information sought will aid Plaintiff in establishing a violation of *his* Eighth Amendment rights for deprivation of exercise.

### *4. Interrogatory No. 8*

Plaintiff asks the Defendant to state what the minimum amount of exercise time is required by state and federal law for inmates of the general population during a lockdown exceeding thirty days. Defendants respond that "[t]here is no minimum amount of out of cell exercise that must be provided to inmates during a state of emergency."

Again, this is an instance where Plaintiff is dissatisfied with the response. Plaintiff insists that this information exists and is available to the Defendant. Defendants state in their opposition, however, that the minimum exercise time established is for normal operations and not during lockdowns. The Court finds no impropriety in Defendants response. Accordingly, the Motion to Compel a response to interrogatory No. 8 is DENIED.

### *5. Interrogatory Nos. 11 and 12.*

These questions involve specific dates on which housing unit searches began and were completed after the January 9, 2002 staff assault that occurred on Facility IV-C. Defendants responded that the searches would have begun within a day or two of January 9, 2002 and were continuous thereafter.

Again, Plaintiff disagrees with this response and seeks to compel the response he believes to be correct. Such a response, however, is not evasive or vague as Plaintiff contends. Plaintiff's mere disagreement with the response is insufficient to warrant the granting of a Motion to Compel.

### *6. Interrogatory Nos. 17 and 18.*

These interrogatories concern the number of complaints/grievances filed relating to the denial of law library supplies, books, photocopy services and mail related issues from January 9,

1 | 2002, to November 2003.

2 |     Defendants have objected to these requests as over broad, burdensome and will not lead
3 | to the discovery of admissible evidence. Not waiving objections, the Defendants state that there
4 | are no statistical reports containing this information. Plaintiff contends that this response is
5 | untrue because the regulations require inmate appeals to be logged and categorized.

6 |     The Court finds Plaintiff's basis for challenging Defendants response insufficient to
7 | warrant a Motion to Compel. The fact that inmate appeals are logged and categorized does not
8 | mean that Defendants can press a button and retrieve all of the information that Plaintiff seeks.
9 | Defendants have stated that there are no statistical reports containing this information. Thus, in
10 | order for Defendants to produce the answer to Plaintiff's interrogatory, Defendant would have to
11 | manually examine each appeal filed over the course of time specified by Plaintiff. Clearly, this is
12 | over broad and burdensome.

13 |     Moreover, the fact that other inmates have grieved similar issues is not a material fact
14 | going to whether *plaintiff* was denied access to the court by limited law library access. Finally,
15 | the allegations in the complaint allege that Plaintiff was denied access between June and
16 | December 2000. Because the interrogatory seeks information about allegations made during a
17 | time frame *after* Plaintiff's claims arose, Plaintiff's interrogatory is not likely to lead to the
18 | discovery of admissible evidence. The Motion to Compel different responses to Interrogatory
19 | Nos. 17 and 18 is DENIED.

20 | **E.  CONCLUSION AND ORDER**
21 |     The Court HEREBY ORDERS:
22 |     1.    Plaintiff's Motion to Compel is DENIED in its entirety.
23 |
24 | IT IS SO ORDERED.
25 | **Dated:   October 23, 2006**              **/s/ Sandra M. Snyder**
    icido3                                    UNITED STATES MAGISTRATE JUDGE
26 |
27 |
28 |