UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE, IV,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>D. ADAMS, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:03-cv-05407-AWI-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 100)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT** (Doc. 82)<br><br>**ORDER GRANTING DEFENDANTS THE OPPORTUNITY TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY (30) DAYS** |

　　　Steven Joseph Noble ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　On March 26, 2007, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30)

1

days.  On April 30, 2007, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In the objections, Plaintiff contends that Defendants' denial of law library access deprived him of access to the court. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Plaintiff must show he suffered an "actual injury" by being shut out of court. Harbury, 536 U.S. at 415; Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).  Plaintiff must also show the Defendants proximately caused the alleged violation of Plaintiff's rights, "[t]he touchstone ... [for which] is foreseeability." Phillips, 477 at 1077.  Here, as explained by the Magistrate Judge, the court finds that Plaintiff has failed to submit evidence demonstrating that he suffered an actual injury, which means the loss of a meritorious suit that cannot now be tried.  Christopher, 536 U.S. at 412-15.  Plaintiff has in fact submitted state appeals, state habeas petitions, and federal petitions that were denied and/or are being reviewed on the merits.  While one of Plaintiff's state petitions was denied on procedural grounds, it was denied for a host of procedural

2

violations, only one of which was unexplained delay in filing the petition.

The court is aware of the recent Ninth Circuit case addressing an inmate's right to meaningful access to the courts, and finds that the case is distinguishable. See Phillips v. Hust, 477 F.3d 1070 (9th Cir. 2007). In Hust, the Ninth Circuit found that the prison librarian had prevented Phillips from timely filing his petition for certiorari in the United State Supreme Court by refusing to allow him to use the prison's binding machine, resulting in the Supreme Court rejecting the petition as untimely.  The Ninth Circuit held that the prison librarian's actions constituted actual injury that had caused "actual prejudice with respect to contemplated or existing litigation." Unlike Hust, there is not a clear cause-and-effect between Defendants' actions and the loss of opportunity. Plaintiff did present his claims and it is not clear they were denied solely because they were untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 26, 2007, are ADOPTED IN FULL;

2. Defendants' Motion for Summary Judgment, filed December 6, 2006, is GRANTED with respect to Plaintiff's access to courts, mail interference and supervisory liability claims against Defendants, and DENIED without prejudice regarding the Eighth Amendment exercise claim against Defendants Cuevas and Adams; and,

3. Defendants are GRANTED the opportunity to file a second Motion for Summary Judgment within **thirty (30) days**

3

1 from the date of service of this order should they
2 choose to do so.

IT IS SO ORDERED.

**Dated:   May 17, 2007**              /s/ Anthony W. Ishii
                                  UNITED STATES DISTRICT JUDGE