IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JOSEPH NOBLE, IV, | 1:03-cv-05407 AWI-SMS (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND EXPERT WITNESS |
| D. ADAMS, et al., | |
| Defendants. | ( #140, #141) |
| _____/ | |

On July 27, 2009, plaintiff filed motions seeking the appointment of counsel and an expert witness.

With regard to court-appointed counsel, plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro*

1  *se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and
2  citations omitted). In the present case, the court does not find the required exceptional
3  circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has
4  made serious allegations which, if proved, would entitle him to relief, his case is not
5  exceptional. This court is faced with similar cases almost daily. Further, at this early stage in
6  the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the
7  merits, and based on a review of the record in this case, the court does not find that plaintiff
8  cannot adequately articulate his claims. Id.

9  With regard to plaintiff's motion for a court-appointed expert witness, the expenditure
10 of public funds on behalf of an indigent litigant is proper only when authorized by Congress.
11 See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis
12 statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in
13 the instant motion. Plaintiff argues that the court has the discretion under Federal Rule of
14 Evidence 706(b) to compensate a court-appointed expert witness with public funds. However,
15 Rule 706(b) provides that "the compensation shall be paid by the parties" in civil cases, unless
16 the civil action "involv[es] just compensation under the fifth amendment." F.R.E. 706(b).
17 Because plaintiff's action is a civil action which does not involve just compensation under the
18 fifth amendment, Rule 706(b)'s public compensation provision does not apply to plaintiff's
19 action, and any expert witness fees would have to be paid by the parties.

20 For the foregoing reasons, plaintiff's motions for the appointment of counsel and
21 an expert witness are HEREBY DENIED, without prejudice.
22 IT IS SO ORDERED.
23 **Dated:   July 30, 2009**            /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28