**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN JOSEPH NOBLE IV, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> D. ADAMS and D. CUEVAS, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | 1:03-cv-05407-AWI-SMS-PC <br><br> **ORDER GRANTING MOTION FOR ATTENDANCE OF INCARCERATED WITNESS** <br><br> (Doc. #139) |

Plaintiff Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed this action on April 8, 2003. The case now proceeds on the Amended Complaint filed on May 12, 2003 against Defendants D. Adams and D. Cuevas ("Defendants") on Plaintiff's Eighth Amendment access to exercise claim for the period between January 31, 2002 and July 31, 2002. This case is presently set for trial on October 20, 2009.

On July 27, 2009, Plaintiff filed a motion requesting the court order Inmate Dwayne N. Logan to be transported to court for trial. Plaintiff's motion provides evidence that Mr. Logan is willing to testify at trial, and Mr. Logan's declaration has been attached to Plaintiff's motion. Mr. Logan will testify that he was the cell mate of Plaintiff and personally observed Plaintiff's changes during the lockdown. Mr. Logan will confirm the time period Plaintiff was not allowed out of the cell for exercise and what privileges Plaintiff and Mr. Logan were given during this time. Mr. Logan also observed Plaintiff become moody and irritable, Plaintiff's vision suffering, and Plaintiff development of periodic rashes.

1      Defendants object to Mr. Logan's testimony.  Defendants contend Mr. Logan is not
2 competent to testify as an expert about Plaintiff's mental or physical conditions and Plaintiff's lack
3 of outdoor exercise.  Defendants argue the court should not transport Mr. Logan to trial because his
4 testimony is inadmissible.

5      Based on the objection raised, the court will grant Plaintiff's motion.  As discussed below,
6 Mr. Logan cannot give an opinion about the cause of Plaintiff's physical and mental problems during
7 the lockdown.  However, Mr. Logan has other relevant testimony.  He may still testify as to what he
8 observed.  He can also provide testimony to confirm Plaintiff's testimony and evidence regarding
9 the amount of time Plaintiff was in lockdown to the extent Defendants dispute Plaintiff's evidence.

10      Rule 701 of the Federal Rules of Evidence provides that if a witness is not testifying as an
11 expert, his testimony in the form of opinions or inferences is limited to opinions which are "(a)
12 rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness'
13 testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other
14 specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701.  The opinion testimony of
15 lay witnesses must be "predicated upon concrete facts within their own observation and
16 recollection-that is facts perceived from their own senses, as distinguished from their opinions or
17 conclusions drawn from such facts."  United States v. Durham, 464 F.3d 976, 982 (9th Cir. 2006).
18 What physical and emotional conditions the lockdown caused Plaintiff to experience are scientific
19 and require some form of a medical expert.  However, Mr. Logan remains free to testimony about
20 his own perceptions of Plaintiff's actions and physical condition.

21      The court will order a writ for Mr. Logan.  Defendants are free to file a motion in limine to
22 exclude portions of his proposed testimony.

23      IT IS HEREBY ORDERED that Plaintiff's motion for Mr. Logan's transfer to trial is
24 GRANTED and the court will issue a writ of habeas corpus ad testificandum.

25
IT IS SO ORDERED.
26
**Dated:   September 16, 2009**      **/s/ Anthony W. Ishii**
27                                         CHIEF UNITED STATES DISTRICT JUDGE
28