UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE IV,<br><br>    Plaintiff,<br><br>    v.<br><br>D. ADAMS and D. CUEVAS,<br><br>    Defendants. | 1:03-cv-05407-AWI-SMS-PC<br><br>ORDER DENYING MOTION FOR AN EXPERT<br><br>(Doc. #137) |

Plaintiff Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed this action on April 8, 2003. The case now proceeds on the Amended Complaint filed on May 12, 2003 against Defendants D. Adams and D. Cuevas ("Defendants") on Plaintiff's Eighth Amendment access to exercise claim for the period between January 31, 2002 and July 31, 2002. This case is presently set for trial on October 20, 2009.

On July 27, 2009, Plaintiff filed a motion for a court appointed expert. Plaintiff requests the court order an expert pursuant to Rule 706 of the Federal Rules of Evidence. Rule 706 allows the court to appoint an expert. The Ninth Circuit has found that Rule 706 only allows the court to appoint a neutral expert and allows the court to assess the cost of the expert's compensation as it deems appropriate. Students of California School for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir. 1984), *reversed on other grounds by* 471 U.S. 148 (1985). An expert witness may be appropriate if

1

the evidence consists of complex scientific evidence. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991). Pursuant to Rule 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed.R.Evid. 702.

In addition, Plaintiff is proceeding in forma pauperis and is, presumably, unable to compensate an expert witness. Payment for such an expert must be authorized by statute or shall be paid by the parties "in such proprotation and at such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid. 706(b). The Supreme Court has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress" United States v. MacCollom, 426 U.S. 317, 321 (1976). The Ninth Circuit has found that the in forma pauperis statute, 28 U.S.C. § 1915, does not provide for the payment of fees or expenses for witnesses. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). While 28 U.S.C. 1915 provides for service to an indigent litigant witnesses, it does not waive payment of fees or expenses for those witnesses. Hadsell v. C.I.R., 107 F.3d 750, 752 (9th Cir. 1997). The court has reviewed the in forma pauperis statute and finds, as with other witnesses, the in forma pauperis statute does not authorize the expenditure of public funds for the appointment of an expert witness. See 28 U.S.C. § 1915. See Jimenez v. Sambrano, 2009 WL 653877 (S.D.Cal. 2009); Trimble v. City of Phoenix Police Dept., 2006 WL 778697 (D.Ariz. 2006).

Here, the court finds that the issues are not so complex as to require the testimony of an expert witness to assist the trier of fact. See, e.g., Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997) (trier of fact's determination of deliberate indifference not so complicated that an expert was required to establish pro se inmate's case). Plaintiff has not requested an expert because one is needed to assist the court. Rather Plaintiff is requesting an expert because he cannot afford to hire one. Such circumstances fall outside of reasons for an expert under Rule 706. In addition, Defendants have not listed any experts in their pretrial statement. In light of the case law prohibiting payment of an expert because a Plaintiff is indigent, Plaintiff's motion for the appointment of an

expert must be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a expert witness is DENIED.

IT IS SO ORDERED.

Dated: September 16, 2009          /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE